# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

EUGENE P. JEANSONNE                                                    PETITIONER

v.                                    NO. 2:05CV00157 JMM/HDY

LINDA SANDERS, Warden, FCI                                           RESPONDENT
Forrest City, Arkansas


### FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following findings and recommendation have been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, Arkansas 72201-3325

<u>DISPOSITION</u>

A brief summary of the extensive criminal record of petitioner Eugene P. Jeansonne ("Jeansonne") is difficult because the parties have done an inadequate job of outlining his numerous arrests and convictions.  It appears that he was arrested for, and convicted of, numerous state and federal offenses during the early part of the 1990s. Three state arrests and convictions are significant in providing a context for the proceeding at bar.  The first arrest occurred on August 29, 1991, when Jeansonne was arrested and charged in a Louisiana state court with felony theft ("state criminal case I").  On January 15, 1992, he was sentenced to two years imprisonment for that offense. It is not clear how long he actually spent in prison for that offense, but it is clear that he was housed in the East Baton Rouge, Louisiana, Parish Prison ("Parish Prison") for some period of time during the two year period.  The record indicates that during his stay in the Parish Prison, specifically, sometime between March of 1992 and May of 1992, he made false claims upon or otherwise against the United States of America.

The second arrest occurred on November 18, 1991, when Jeansonne was arrested and charged in a Louisiana state court with theft and simple burglary ("state criminal case II").  It is not clear to the Court what sentence was imposed for his commission of those offenses, but it is clear that the offenses were the subject of a subsequent revocation hearing that has some relevance in the proceeding at bar.

-3-

By December of 1993, Jeansonne had entered the custody of the Louisiana Department of Corrections.  On December 17 of that year, he was transferred from the custody of the Louisiana Department of Corrections to the custody of the United States Marshal's Office pursuant to the terms of a writ of habeas corpus ad prosequendum.  He was transferred so that he could appear to answer a charge growing out of the false claims he made upon or otherwise against the United States of America between March of 1992 and May of 1992, claims he made while incarcerated in the Parish Prison.  See United States v. Jeansonne, No. 93-72-B-M1 ("federal criminal case").  He eventually pleaded guilty in the United States District Court for the Middle District of Louisiana to one count of making false claims for refunds.  On February 10, 1994, United States District Judge Frank J. Polozola sentenced Jeansonne to a term of fifty-seven months in the custody of the Federal Bureau of Prisons ("BOP").  Jeansonne has submitted a portion of the transcript from the sentencing hearing.  The transcript reflects that although Judge Polozola and defense counsel discussed the impact of the sentence upon other sentences, specifically, whether the federal sentence would be served concurrent with, or consecutive to, any other sentence, no definitive answer was ever provided.[1] Jeansonne was later returned to the custody of Louisiana correctional officials.

---

[1]

Judge Polozola did note, however, that the federal sentence "technically [had] to run consecutive to any state sentence to be imposed."  See Document 1, Transcript of Sentencing Hearing at 55.  He apparently so stated because the federal authorities had custody of Jeansonne only on the basis of a writ of habeas corpus ad prosequendum and he could not immediately enter permanent federal custody.

On March 11, 1994, Jeansonne appeared in a Louisiana state court to answer four separate charges ("state criminal case III").  He pleaded guilty to the offenses and was sentenced to a term of imprisonment in the custody of the Louisiana Department of Corrections.  Jeansonne has submitted a portion of the transcript from that sentencing hearing.  The transcript reflects that the state court judge ordered the following: "Let me say for the record that these charges are to run concurrent with each other and concurrent and concomitant with the federal sentence that he was sentenced on, whatever that sentence is that we were holding this matter in abeyance for."  See Document 1, Exhibit D at 16.

Jeansonne spent the next eight and one-half years in the custody of the Louisiana Department of Corrections.  During that period, he petitioned to modify the minutes of the revocation hearing in state criminal case II.  On May 15, 2001, a state court judge vacated the sentence imposed in that case and re-sentenced Jeansonne to three years imprisonment for the offenses.  The state court judge ordered the sentence to be served concurrent with any other sentence and gave Jeansonne credit for any time served.

On December 26, 2002, Jeansonne was deemed to have completed serving the sentences imposed by the Louisiana state courts.  Believing that he had served and completed the federal sentence while in state custody, he expected to be released from custody altogether.  He was not; he was instead transferred to the custody of the BOP to begin serving his federal sentence.

Jeansonne thereafter filed a motion for relief from judgment in the federal criminal case.  Judge Polozola, the very judge who sentenced Jeansonne, denied the motion in August of 2003.  The order denying the motion provided, in full, the following:

> [Jeansonne] has filed a Motion for Relief from Judgment or Order Pursuant to Rule 60(B)(6) of the Federal Rules of Civil Procedure.  A careful review of the case indicates [he] was serving a term of imprisonment [in state criminal case I] at the time the instant offense was committed [i.e., the offense giving rise to the federal criminal case].  The instant offense was committed between March and May 1992, while [Jeansonne] was an inmate at East Baton Rouge Parish Prison.  Records at the … Parish Prison indicate Jeansonne was incarcerated at that time serving the two year sentence imposed … on January 15, 1992, for the August 29, 1991 (date of arrest), relative felony theft charge.  [Footnote omitted].
>
> United States Sentencing Guideline 5G1.3 provides that: "If the instant offense was committed while the defendant was serving a term of imprisonment …, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment."
>
> The record reveals that Jeansonne has gone to great lengths to "clarify" that he was in fact serving a sentence at the time he was sentenced in federal court for the instant offense.  Specifically, he filed a motion in [state court] and petitioned the court to clarify sentencing minutes on a revocation sentence for the November 18, 1991 (date of arrest) theft and simply burglary conviction.  [Footnote omitted].  On May 15, 2001, … [the] … judge [in state criminal case II] vacated the previous sentence and re-sentenced [Jeansonne] to three years custody, concurrent with any other sentence and gave him credit for time served.  It should be noted this "clarification" occurred after [he] was sentenced in federal court for this instant offense.  However, [he] has assumed it would be sufficient to qualify him for a concurrent sentence pursuant to … Sentencing Guideline 5G1.3(a).  It is clear that … Sentencing Guideline 5G1.3(a) is not based on whether the defendant was serving a sentence when he was sentenced for the instant offense but rather whether he was serving a sentence when he committed the instant offense.

> Since [Jeansonne] was serving a sentence at the time he committed the instant offense, [he] was properly sentenced.

See Document 10, Attachment 4 at 1-2.

Jeansonne thereafter began pursuing an administrative remedy within the BOP. He specifically requested a nunc pro tunc designation of the Louisiana Department of Corrections as the place of confinement for the concurrent service of his federal sentence.  His request was denied by the BOP, and this proceeding followed.

Jeansonne commenced this proceeding by filing a petition for writ of habeas corpus pursuant to 42 U.S.C. 2241.  He maintained that he actually began serving his federal sentence on the day it was imposed.  He alternatively maintained that the state court judges in state criminal cases II and III had ordered all of Jeansonne's sentences to run concurrent, and that, as a result, he had now completed serving his federal sentence.  He supported those assertions with what appears to be a memorandum from an official with the Louisiana Department of Corrections that provided, in part, the following: "Your federal sentence is running concurrent with your Louisiana time."  See Document 1, Exhibit F, Memorandum of July 23, 2002.  The same official wrote a subsequent memorandum that provided, in part, the following: "Your Louisiana sentence has been ordered by a Louisiana Judge to run concurrent with the Federal sentence.  We have no control over how the Federal authorities want to run their sentence."  See Document 1, Exhibit F, Memorandum of August 23, 2002.

Respondent Linda Sanders ("Sanders") subsequently filed an answer to the petition. She initially maintained that Judge Polozola had not ordered the federal sentence to be served concurrent with any other sentence and, thus, the BOP was justified in computing the federal sentence as running consecutive to the state sentences. Sanders also maintained that Jeansonne's request for a <u>nunc</u> <u>pro</u> <u>tunc</u> designation–which would have allowed his federal sentence to have been served concurrent with the state sentences–was properly denied for two reasons: first, a somewhat similar request had been denied by Judge Polozola in August of 2003; and second, it was not consistent with goals of the criminal justice system.

The Court has now had an opportunity to review the entire record in this proceeding. On the basis of that review, and for the reasons that follow, the Court recommends that Jeansonne's petition be dismissed and all requested relief be denied.

At the outset, there appears to be some question regarding the BOP's construction of the sentence imposed by Judge Polozola. 18 U.S.C. 3584 governs the imposition of concurrent and consecutive terms of imprisonment. Paragraph (a) of that section provides, in part, the following:

> **(a) Imposition of concurrent or consecutive terms**. If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively ... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

-8-

When Jeansonne was sentenced by Judge Polozola on February 10, 1994, it appears that Jeansonne was serving at least one state sentence.   Judge Polozola undoubtedly knew of the existence of the state sentence because the United States Marshal's Office had obtained custody of Jeansonne pursuant to the terms of a writ of habeas corpus ad prosequendum.   Judge Polozola could have taken that sentence, any pending state charges, and any sentences likely to result from those charges, into account in imposing the federal sentence.   Although Judge Polozola and defense counsel discussed the impact of the federal sentence upon other sentences, specifically, whether the federal sentence would be served concurrent with, or consecutive to, any other sentence, no definitive answer was ever provided.   Because the federal sentence was not specifically ordered to run concurrent with any other sentence, it was not error for the BOP to compute the federal sentence to run consecutive to the sentences imposed by the state court judges.

Alternatively, United States Sentencing Guideline 5G1.3 provides, in part, the following: "if the instant offense was committed while the defendant was serving a term of imprisonment ... the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment."   It is clear from the record that Jeansonne committed the offense giving rise to the federal criminal case while incarcerated in the Parish Prison.   Thus, it was not error for the BOP to compute the federal sentence to run consecutive to the sentences imposed by the state court judges.

Jeansonne nevertheless maintains that the state court judges in state criminal cases II and III ordered those sentences to be served concurrent with all other sentences. It is true that the state court judges so ordered.  It is also true that he was notified by an official with the Louisiana Department of Corrections that his federal sentence was "running concurrent with [his] Louisiana time."   See Document 1, Exhibit F, Memorandum of July 23, 2002.  The Court therefore understands how he could believe he was serving his federal sentence while he was in the custody of the Louisiana Department of Corrections.  Sadly, though, he is entitled to no relief.  The state court judges could not commence the federal sentence.  The orders of state court judges are simply not binding on the federal courts nor the BOP.  See Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990) (although state court judge may express intent, that intent not binding on federal courts nor the BOP).  In addition, the official with the Louisiana Department of Corrections was sadly mistaken;  Judge Polozola had never ordered the federal sentence to be served concurrent with the state sentences.

Notwithstanding the foregoing, Jeansonne maintains that he began serving the federal sentence on the day it was imposed.  18 U.S.C. 3585 governs the calculation of a term of imprisonment.  Paragraph (a) of that section provides the following:

> **(a)  Commencement of sentence**.   A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives to commence service of sentence at, the official detention facility at which the sentence is to be served.

The federal authorities obtained custody of Jeansonne on December 17, 1993, pursuant to the terms of a writ of habeas corpus ad prosequendum. He was sentenced by Judge Polozola on February 10, 1994, and returned to the custody of Louisiana correctional officials at some point thereafter. Because the federal authorities had custody of Jeansonne only pursuant to the terms of a writ of habeas corpus ad prosequendum, there was no time during the period the federal authorities had custody of him that he was "received in custody awaiting transportation to, or arrive[d] to commence service of sentence at, the official detention facility at which the sentence was to be served." He was simply sentenced on the federal charge and returned to state custody. He was not received in federal custody until on or about December 26, 2002, when he was released from the custody of the Louisiana Department of Corrections. Save a nunc pro tunc designation by Judge Polozola or the BOP, Jeansonne's federal sentence could not have commenced any sooner than on or about December 26, 2002.

The Court now turns to address what may well be the root of Jeansonne's complaint in this proceeding, i.e., the denial of his request for nunc pro tunc designation of the state facility as the place of confinement for the concurrent service of his federal sentence. Clearly, the BOP is obligated to consider a request. BOP Program Statement 5160.05 provides that the designation will only be made, though, when it is "consistent with the intent of the federal sentencing court or the goals of the criminal justice system." In making that determination, the BOP must consider all available information.

Jeansonne requested a <u>nunc</u> <u>pro</u> <u>tunc</u> designation of the Louisiana Department of Corrections as the place of confinement for the concurrent service of his federal sentence. The BOP recognized that it had the authority to make such a designation. In considering the request, the BOP made reference to the relevant statutes and Program Statements and reviewed the entire record. The BOP also made reference to the intent of the federal sentencing court, specifically, to the intent of Judge Polozola. In that regard, Judge Polozola's intent, as expressed in the order denying Jeansonne's motion for relief from judgment, was clear. Judge Polozola unequivocally stated in the order that Jeansonne had been properly sentenced, that is, Judge Polozola intended Jeansonne to serve the federal sentence consecutive to the state sentences. On the basis of all available information, the BOP determined that a <u>nunc</u> <u>pro</u> <u>tunc</u> designation of the Louisiana Department of Corrections as the place of confinement for the concurrent service of Jeansonne's federal sentence was not consistent with the goals of the criminal justice system. The Court cannot say that the BOP abused its discretion in so determining. It is not enough for him to simply disagree with the determination made by the BOP.

On the basis of the foregoing, the undersigned finds no merit to the claim advanced by Jeansonne in the petition at bar. It is therefore recommended that his petition be dismissed and all requested relief be denied. Judgment should be entered for Sanders.

DATED this __26__ day of October, 2005.


_____
UNITED STATES MAGISTRATE JUDGE